FILED
SUPERIOR COURT
OF GUAM

2022 JUN 27 PM 3: 42

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARIE P. MASNAYON AND KEVIN MASNAYON,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**TRANSFORM KM LLC DBA KMART; AND JOHN DOE INSURANCE CO.,**<br><br>**Defendants.** | **CIVIL CASE NO. CV0368-20**<br><br><br>**DECISION AND ORDER RE MOTION TO SET ASIDE DEFAULT JUDGMENT** |

This matter came before the Honorable Dana A. Gutierrez on March 29, 2022 for a hearing on Defendant Transform KM LLC dba Kmart's ("Kmart") Motion to Set Aside Default Judgment ("Motion"). Present via Zoom were Plaintiffs Marie P. Masnayon and Kevin Masnayon ("Plaintiffs"); Attorney Charles McDonald representing Plaintiffs; and Attorney Geri Diaz representing Kmart. Upon a review of the pleadings and in accordance with the applicable law, the Court now issues this Decision and Order **GRANTING** Kmart's Motion to Set Aside Default Judgment.

## BACKGROUND

The instant matter arises out of Plaintiffs' Complaint and Demand for Jury Trial ("Complaint") filed on June 10, 2020.[1] The Complaint asserts a claim of Negligence, Breach of Warranty, a claim for Relief Against Insurance Policy, and Loss of Consortium against Defendants Kmart and John Doe Insurance Company, alleging that while shopping at Kmart,

---

[1] This case was originally assigned to Honorable Alberto C. Lamorena, III. The case was resigned to the undersigned on September 13, 2021.

eleven (11) storage bins fell on top of Plaintiff Marie P. Masayon's head causing serious injuries. Compl. ¶¶ 5-27.

On June 15, 2020, Plaintiffs filed a Declaration of Service executed by licensed Process Server Thomas S. Masga ("Masga") attesting that on June 12, 2020, Masga personally served the Complaint and Summons upon Keith Nakamura. On July 8, 2020, Plaintiffs submitted the Declaration of Attorney Charles McDonald and Application for Entry of Default. Attorney McDonald's Declaration attests that Kmart, through their registered agent Keith Nakamura, was served with the Summons and Complaint on June 12, 2020, that twenty days have elapsed since the service, that Kmart has failed to answer or otherwise defend, and requests that the Clerk of Court enter default against Kmart for their failure "to plea, answer, or otherwise defend." Decl. of Charles McDonald (July 8, 2020).

The Clerk of Court entered default against Kmart on July 8, 2020. Decl. and Application for Entry of Default, Entry of Default (July 8, 2020). On July 14, 2020, a Scheduling Notice was issued setting a scheduling conference in front of Judge Lamorena for August 24, 2020. The July 14, 2020 Scheduling Notice was addressed to the McDonald Law Office, LLC, Transform KM LLC dba Kmart, and John Doe Insurance Company. The record does not indicate whether the Scheduling Notice was served on the parties. The August 24, 2020 Scheduling Conference was taken off calendar prior to the hearing.

On September 15, 2020, Judge Lamorena rescheduled the Scheduling Conference for October 5, 2020. Notice of Remote Hearing (Sept. 15, 2020). The Notice of Remote Hearing setting the Scheduling Conference was addressed to and served on the McDonald Law Office, LLC. *Id.* At the October 5, 2020 hearing, Judge Lamorena indicated that a hearing would be scheduled regarding default against Defendants. Min. Entry (Oct. 5, 2020).

On March 23, 2021, a Notice of Remote Hearing addressed to the McDonald Law Office, LLC, was issued, scheduling a Default Hearing for May 24, 2021. On May 24, 2021, Judge Lamorena granted default and executed a Default Judgment against Kmart which ordered that a

hearing be scheduled to determine the amount of damages to which Plaintiffs are entitled. Default Judgment (May 26, 2021).

On July 23, 2021, Plaintiffs filed a Trial Brief regarding the amount of damages to which Plaintiffs are entitled. On July 28, 2021, a Notice of Remote Hearing addressed to both the McDonald Law Office, LLC and to Kmart was issued, scheduling a "Bench Trial (Damages)" for September 8, 2021. On August 30, 2021, a Superior Court marshal served the July 28, 2021 Notice of Hearing on Kmart by personally delivering it to "Monica Nangauta, Manager." Aff. of Service (July 28, 2021).

On September 3, 2021, the law firm of Camacho Calvo Law Group, LLC entered its appearance for Kmart. Entry of Appearance on Behalf of Transform KM LLC (Sept. 3, 2021). At the September 8, 2021 hearing, Judge Lamorena disqualified himself from the case based on the Camacho Calvo Law Group's entry of appearance. Min. Entry (Sept. 8, 2021). This case was reassigned to the undersigned on September 13, 2021.

On November 5, 2021, Kmart filed the present Motion to Set Aside Default Judgment supported by the Declaration of Kimberly Spychala ("Spychala"). On December 3, 2021, Plaintiffs filed their Opposition to the Motion. On December 17, 2021, Kmart filed their Reply to Plaintiffs' Opposition. On January 14, 2022, the Court issued a CVR 7.1 Form 3 setting the Motion for oral argument on March 29, 2022. At the March 29, 2022 hearing, the Court heard oral argument from the parties and subsequently took the matter under advisement.

## DISCUSSION

Kmart's Motion cites to Rule 55(c) and Rule 60(b) of the Guam Rules of Civil Procedure ("GRCP"), arguing that the default judgment against Kmart should be set aside because there is a lack of culpable conduct from Kmart, Kmart has meritorious defenses, and there is no prejudice to the Plaintiffs. Mot., at 6-10. Additionally, Kmart argues that they were improperly not served with the pleadings in the case pursuant to Rule 5 of the GRCP. *Id.* at 10-12. In their Opposition, Plaintiffs assert that Kmart's culpable conduct did lead to the default, that Kmart does not have

3

meritorious defenses, and that Plaintiffs would be prejudiced if Default Judgment is set aside. Opp., at 3-6. Further, Plaintiffs argue that the service of pleadings was not required under Rule 5 because Kmart failed to timely answer to the Summons and Complaint. *Id.* at 6-9.

## I. Service of Documents under Rule 5 of the GRCP.

Kmart argues that in determining whether to set aside the default, the Court should take "into consideration the lack of evidence that other documents filed prior to the issuance of the Default Judgment, such as the Notice of Judge Assignment, Declaration and Application for Entry of Default, Scheduling Notice by Telephone Conference, Notice of Remote Hearing Regarding the Default Hearing, Default Judgment or the Notice of Entry of Docket of the Default Judgment were served on [Kmart's] registered agent." Mot., at 11. Kmart asserts that the service of these documents was required pursuant to Rule 5 of the GRCP. *Id.*

In response, Plaintiffs argue that service of all pleadings and documents on Kmart "*after* the original summons and complaint*" was not required because Kmart was in default for their failure to timely file an answer within twenty days of service of process, and therefore, Kmart was not entitled to service of said documents under Rule 5(a). Opp., at 7-8.[2]

Rule 5(a) of the GRCP provides that:

> Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served on each of the parties. **No service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.**

---

[2] The Court notes that Kmart does not address this issue in its Reply brief. When asked for their response to this argument at the hearing, Attorney Diaz stated that a miscommunication occurred so that "they" were not aware a complaint was filed, and if "they" had received the aforementioned documents from "their" registered agent, "they" would have timely participated in the proceedings. Min. Entry, at 2:17:47-2:18:45 PM (March 29, 2022).

(emphasis added).

"A party that has *appeared* is entitled to be served with the papers in the case even if that party is otherwise in default," however, a "party in default that has never appeared is not entitled to be served with the papers in the case under Rule 5." Fed. R. Civ. P. 5(a), Rules and Commentary (2022).[3]

"[A] court need not have adjudicated a party as being 'in default' in order to trigger the applicability of Rule 5(a)(2)." *Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino*, No. C-09-01589-CW, 2010 WL 2219595, at *3 (N.D. Cal. 2010). Rather, for purposes of Rule 5, a party who has failed to appear in the action is a party in "default for fail[ing] to appear." *Id.* (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 674, 1367, 1368, n. 3 (11th Cir. 1982)). For purposes of Rule 5, defendants are "parties in default" when defendants have been served with summons and do not appear and answer within the required period, even when the clerk has yet to enter default. *Cutting v. Allenstown*, 936 F.2d 18, 21 n. 1 (1st Cir.1991).

Here, Kmart admits that the Summons and Complaint were served on Kmart through its registered agent. Mot., at 8. Because Kmart was served with the Summons and Complaint through its registered agent, and after such service, failed to timely answer or otherwise defend, Kmart was in default for purposes of Rule 5(a). Guam R. Civ. P. 5; *Cutting*, 936 F.2d at 21 n. 1. As Rule 5(a) of the GRCP provides that "no service need be made on parties in default for failure to appear," Kmart was not entitled to service of documents filed *after* the filing and service of the Complaint and Summons pursuant to Rule 5(a) of the GRCP.

## II.    Rule 55(c) and Rule 60(b) of the GRCP.

Rule 55(c) of the GRCP provides that "for good cause shown, the court may set aside an

---

[3] Rule 5 of the GRCP was derived from Rule 5 of the Federal Rules of Civil Procedure, and the two rules are substantially similar. Guam R. Civ. P. 5, SOURCE. Without Guam precedent, this Court looks to federal interpretations of the analogous federal procedural rules for guidance. *M Electric Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 25, n. 1 ("[F]ederal decisions construing rules from which our own are derived are persuasive authority.").

entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Here, a Default Judgment has been entered against Kmart, thus the Court must turn to Rule 60(b).[4] Default Judgment (May 26, 2021).

Kmart moves to set aside the Default Judgment entered against it pursuant to Rule 60(b)(1) arguing that due to mistake, inadvertence, or excusable neglect, Kmart did not timely file an answer to the Complaint. Mot., at 8; Reply, at 2. Rule 60(b)(1) of the GRCP provides that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect [ . . . ].

The Guam Supreme Court has held that the "court will deny a motion to set aside a default judgment if it is shown that (1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Midsea Industrial, Inc. v. HK Engineering, Ltd.*, 1998 Guam 14 ¶ 5 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988); *Price v. Seydel*, 961 F.2d 1470, 1473 (9th Cir.1992)). "A finding of but one of the three elements is sufficient to deny vacation of a default judgment." *Id.*

However, two policy determinations must "drive Rule 60(b) review—that the rule is meant to be remedial in nature and should be applied liberally, and that a default judgment is considered to be a drastic measure, only appropriate in extreme circumstances because, whenever possible, cases should be decided on their merits." *Id.* at ¶ 6.

---

[4] "The concepts of default and default judgment are distinct and must be treated separately. However, due to the parallels between entries of default and default judgments, in reviewing entries of default courts will look to the same grounds that are relevant in considering whether to set aside a default judgment. On the other hand, the standard is less rigorous when examining a motion to set aside entry of default than for default judgments, so these grounds are more liberally construed." *Adams v. Duenas*, 1998 Guam 15 ¶ 5 (internal citations omitted).

### A.     Culpable Conduct.

The terms mistake, inadvertence, surprise, and excusable neglect all include an absence of culpable conduct. *Plaza del Lago Townhomes Ass'n, Inc. v. Highwood Builders, LLC*, 148 P.3d 367, 374 (Colo. Ct. App. 2006) (citing *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 795 (6th Cir.2002)). The Ninth Circuit has explained that while trial court has discretion to deny a Rule 60 motion to set aside default upon a finding of any one of the three factors—1) defendant's culpable conduct; 2) lack of meritorious defense; or 3) prejudice to plaintiff—this discretion is *permissive*. *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111-12 (9th Cir. 2011) (where the Court rejected plaintiff's argument that the trial court was required to deny defendant's motion to set aside default once the trial court found that defendant acted with culpability).[5]

"The district court is free to deny relief if any of the three factors is true," however, the district court is not "limited in its discretion to set aside a default judgment under Rule 60(b)(1) where the defendant has a meritorious defense and any prejudice can be cured." *Id.* ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not.").

The determination of what conduct constitutes "excusable neglect" under Rule 60(b)(1) and similar rules "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993). The Ninth Circuit "has adopted a forgiving approach to excusable neglect, accepting even 'weak' reasons if they reveal mere 'negligence and carelessness, not . . . deviousness or willfulness.'" *Faron v. City of Phoenix*, No. CV-08-1978-PHX-LOA, 2008 WL 5413056, at *2 (D. Ariz. 2008) (citing *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000)).

---

[5] Because the Guam Supreme Court adopted its test for setting aside default from the Ninth Circuit, this Court finds Ninth Circuit case law regarding this test to be persuasive. *See Midsea*, 1998 Guam 14 ¶ 5 (citing *Falk*, 739 F.2d at 463; *Alan*, 862 F.2d at 1392; *Price*, 961 F.2d at 1473).

For example, in *Bateman*, an attorney was excused from his failure to timely file a pleading because he had to leave the country on fairly short notice and, upon his return, suffered from jet lag and took some time to sort through his mail. *Bateman*, 231 F.3d at 1225. Although this was a "weak" reason, it was enough to warrant relief under Rule 60(b)(1). *Id.*

In considering a Rule 60(b) motion, the Court will accept the allegations of the moving party's factual statements. *Falk*, 739 F.2d at 464. Here, regarding lack of culpable conduct, Kmart admits that the Summons and Complaint were served on Kmart through its registered agent, but alleges that "through either a mistake, inadvertence, or excusable neglect, it was not received by Sedgwick." Mot., at 8. Kmart asserts that prior to the filing of the Complaint, Kmart, through its third party administrator Sedgwick Claims Management Services, Inc. ("Sedgwick"), has been actively involved in Plaintiffs' claim by contacting Plaintiff Maria Masnayon ("Maria") as early as six days after her alleged injury. *Id.* at 7; Decl. of Spychala, at ¶ 5-7.

These efforts included sending various letters to Maria prior to the filing of the Complaint requesting she complete a Wage Authorization Request Form and Medical Authorization Form. Mot., at 7; Decl. of Spychala, at ¶ 5-7. Upon receiving a settlement demand from Attorney McDonald, Sedgwick mailed letters to Attorney McDonald on March 19, 2020, April 16, 2020, June 16, 2020, and September 11, 2020 regarding Maria's claim and left a voicemail for Attorney McDonald on December 10, 2020, to which Sedgwick received no response. Mot., at 7; Decl. of Spychala, at ¶ 11-18.

Regarding Kmart's failure to timely answer, Kmart asserts that due to excusable neglect, the registered agent did not provide the Summons and Complaint to either Kmart's attorney, nor to Sedgwick. Min. Entry, at 2:07:51-2:08:13 PM, 2:13:21 PM (March 29, 2022). Kmart's legal counsel stated that she does not know what happened after the registered agent received service of process, but that it inadvertently "fell through the cracks." *Id.*

Although the Court does find this explanation to be "weak," this conduct must be viewed

8

in light of the forgiving approach to be applied when reviewing excusable neglect. *See Faron*, No. CV-08-1978-PHX-LOA, 2008 WL 5413056, at *2; *Bateman*, 231 F.3d at 1225. There is no evidence put forward by either Plaintiffs or Defendants that Kmart has acted in bad faith, thus the Court does not find that Kmart's conduct rises to the level of finding "deviousness or willfulness" sufficient to warrant a finding of culpability. *Faron*, No. CV-08-1978-PHX-LOA, 2008 WL 5413056, at *2.

Furthermore, the Court must consider this explanation while "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co.*, 507 U.S. at 395. The facts put forward by Kmart demonstrate that Sedgwick made several attempts to communicate with Attorney McDonald *after* the filing of the Complaint on June 10, 2020. Mot., at 7; Decl. of Spychala, at ¶ 11-18.

In response to the Court's inquiry as to why Attorney McDonald did not respond to these communications, Attorney McDonald argued they were not required to respond because Kmart did not properly enter their appearance after service of process. Min. Entry, at 2:14:29-2:16:26 PM (March 29, 2022). While that may be true, the Court considers the evidence that Kmart's third party administrator, Sedgwick, made such attempts toward resolving the dispute as weighing in favor of finding that Kmart did not act with bad faith or "deviousness or willfulness" sufficient to support a finding of culpable conduct when Kmart failed to timely file an answer.

### B. Meritorious Defense.

In considering whether the defaulting party has a meritorious defense, the court must determine "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Midsea*, 1998 Guam 14 ¶ 10 (citing *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir.1986)).

The defendant need not establish the actual liability of the other party beyond doubt in its pleadings; a meritorious defense "is presumptively established when the allegations of defendant's answer, if established on trial would constitute a complete defense to the action."

*Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). Alleging that another party, other than the defendant, may be liable for the plaintiffs' cause of action has been found to be a sufficient meritorious defense for purposes of opening up a default judgment. *Id.*; *see Bordelon Marine, Inc. v. F/V Kenny Boy*, Nos. 09-3209, 09-6221, 10-1705, 2010 WL 4702500, at *3 (E.D. La. 2010) (noting that an allegation of comparative negligence is sufficient to support a finding of a meritorious defense).

In this case, regarding its meritorious defense, Kmart asserts that:

> Had [Kmart] be [sic] allowed to proceed on the merits of this case, it would have presented evidence denying any wrongdoing, negligence, or culpable conduct on its part. It would have also presented evidence that the alleged injury and any resulting damages were due to an unavoidable accident or other conditions or occurrences for which [Kmart] is not liable or responsible. Further, although not yet awarded, any damages to [Plaintiffs] would have likely been reduced or offset by various benefits they may have received under applicable laws. Finally, to the extent that preexisting conditions or events other than the alleged accident caused any injury to [Plaintiffs], [Kmart] would also present evidence that it should not be liable or responsible for those injuries.

Mot., at 9.

"Unavoidable accident" can be a possible defense to a claim of negligence against a store owner where a display or boxes fall on top of a customer resulting in injuries. *Gonzales v. Shoprite Foods, Inc.*, 364 P.2d 352, 356 (N.M. 1961). Furthermore, if it is proven that a store did not act with negligence, a store may not be liable for injuries caused by the fall of cartons or boxes on a customer while in the store. 61 A.L.R. 4th 27, *Cartons or Boxes–Liability Not Supportable* § 15(b) (1988).

Therefore, the Court finds that if Kmart were able to prove the allegations asserted in its Motion, there is some possibility that the outcome of the suit after a full trial could be contrary to the result achieved by the default. *Midsea*, 1998 Guam 14 ¶ 10. Thus, Kmart has presented a meritorious defense.

### C.    Prejudice to Plaintiffs.

As to the element of prejudice, "[i]t is not enough for the Plaintiff-Appellant to say that

10

lapse of time resulted in prejudice, but instead there must be the presentation of evidence to support those allegations. Nor is it sufficient for the Defendant–Appellee to sit back and claim that the delay in time was inconsequential and presume no prejudice resulted." *Midsea*, 1998 Guam 14 ¶ 16. The standard for determining prejudice is "whether [plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463.

To be prejudicial, "the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *rev'd on other grounds*. Delays are typically prejudicial if they result in "tangible harm such as loss of evidence, increased difficulty of discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996); *e.g.*, *Sibley v. Choice Hotels Intern., Inc.*, 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (in a personal injury suit against a hotel for bed bug bites, the court found no prejudice because there was "no indication that evidence has been lost or that vacating the default will result in difficulties of discovery.").

For example, in *Coon v. Grenier*, the First Circuit found no prejudice would occur if the Court set aside the default in a personal injury action arising from an automobile accident. *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989). The *Grenier* Court reasoned that although the plaintiff asserted that the case "is now compromised due to the inordinate passage of time since the accident," the plaintiff did "not claim that witnesses have died, that memories have dimmed beyond refreshment, that some discovery scheme has been thwarted, or that evidence has been lost." *Id.*

Furthermore, "prejudice to the plaintiff is also mitigated by where the defendant acted quickly to remedy the mistake." *Carriker v. City and County of Denver*, 2013 WL 2338482, at *3 (D. Colo. 2013) (citing *Procom Supply, LLC v. Langner*, No. 12-cv-00391-MSK-KMT, 2012 WL 2366617, at *3 (D. Colo. 2012) (finding no prejudice in setting aside entry of default when defendant filed a motion for relief three days after default was entered); *Zen & Art of Clients*

*Server Computing, Inc. v. Resource Support Associates, Inc.*, No. 06-cv-00239-REB-MEH, 2006 WL 1883173, at *3 (finding no prejudice where counsel entered an appearance seven days after the entry of default and filed a motion for relief ten days after default was entered)).

Here, Plaintiffs have not provided the Court with any evidence, such as an affidavit from the Plaintiffs, or other documentation to support their assertion that they will be prejudiced if default is set aside. *See* Opp., at 6. Plaintiffs merely allege in their Opposition that regarding prejudice, Maria continues to require medical attention and therapy, that the family does not have sufficient finances to continue to pay for the medical attention, the family has been forced to shoulder some of the burden of medical care, Maria's earning capacity has been diminished, Maria's husband has lost the services of his wife, Plaintiffs have waited a total of 542 days to get to this point, and therefore, there is great prejudice to Plaintiffs if default is set aside. Opp., at 6.

Plaintiffs' allegations regarding prejudice are primarily based on the costs that will be suffered by the Plaintiffs as a result of any delay that the set aside may cause. However, because an allegation that the lapse of time will result in prejudice is insufficient without accompanying evidence to support such an allegation, the Court does not find that Plaintiffs have sufficiently demonstrated that they will suffer prejudice on these grounds. *See Midsea*, 1998 Guam 14 ¶ 16.

Plaintiffs further argue that Kmart did not respond to Attorney McDonald's settlement demand letter; however, Midsea held that although a defendant may have been able to avoid default judgment, this "does not, in and of itself, constitute evidence of prejudice to the Plaintiff–Appellant." *Id.* at ¶ 16; Min. Entry, at 2:14:29-2:16:26 PM (March 29, 2022). Additionally, in response to this assertion, Kmart argues that they did make attempts to respond to Attorney McDonald's settlement demand letter through several letters and at least one phone call made by Sedgwick to Attorney McDonald's office, to which Sedgwick received no reply. Decl. of Spychala, at ¶ 11-18.

In this case, Kmart entered its appearance on September 3, 2021, four days after being served with a copy of the Notice of Remote Hearing scheduling a bench trial on damages before

Judge Lamorena. At that time, Kmart ordered a copy of the Court's docket sheet as well as the motions, pleadings, notices and affidavits filed in the case. Mot., at 5. Approximately two months later, on November 5, 2021, Kmart filed the present Motion. The Court does not find the two month delay in filing the Motion to be significant in light of Kmart's need to review the pleadings and posture of the case.

Kmart also argues that from the filing of the Complaint in June 2020 to present, "the coronavirus pandemic has been the primary cause of delay in this case." Mot., at 9-10. Although the Court's COVID-19 operations did not prevent Kmart from filing an answer at any time after service, the Court acknowledges that the COVID-19 pandemic affected Court operations resulting in the Supreme Court's extension of filing deadlines for several months.[6]

Significant court resources were not required to be spent prior to entering the Default Judgment. The Court held one Scheduling Conference where it noted that a hearing on default would be set, then held two hearings where the Court granted the Default Judgment and indicated that an evidentiary hearing on damages would be scheduled. Min. Entry (Oct. 5, 2020); Min. Entry (May 24, 2021); Min. Entry (July 23, 2021). No evidentiary hearing to determine the amount of damages was ever held.

Lastly, the consideration of these facts must be viewed in light of Guam's policy that Rule 60(b) "is meant to be remedial in nature and should be applied liberally, and that a default judgment is considered to be a drastic measure, only appropriate in extreme circumstances because, whenever possible, cases should be decided on their merits." *Midsea*, 1998 Guam 14 ¶ 6. In light of the subjective nature of the Plaintiffs' alleged damages which will likely heavily rely on fact-based evidence, the Court is persuaded to find that this case should be tried on the

---

[6] The first Supreme Court Administrative Order tolling all filing deadlines was the Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus). ADM20-239 (May 4, 2020) (tolling all filing deadlines from March 27, 2020 to June 5, 2020). The most recent Supreme Court Administrative Order tolling the filing deadlines was the Tenth Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus). ADM20-411 (Sept. 25, 2020) (tolling all filing deadlines until October 19, 2020).

merits, if at all possible. In accordance with these policy considerations as well as the aforementioned facts, the Court does not find that Plaintiffs will be prejudiced if the Court sets aside the Default Judgment.

**CONCLUSION**

For the foregoing reasons and in accordance with the applicable law, the Court hereby **GRANTS** Kmart's Motion to Set Aside Default Judgment. Because the Court has set aside the Default Judgment, the July 8, 2020 Entry of Default is additionally **SET ASIDE**. The Court further **ORDERS** that the Kmart shall file and serve its Answer within twenty (20) days of the filing of this Decision and Order.

**SO ORDERED:** JUN 2 7 2022 _____

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Date: _____ Time: 6/27/22

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

14